Filed 6/24/15  Kohan v. Pacifica L39 CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| NEJAT KOHAN, | D066958 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. INC1104681) |
| PACIFICA L39, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Riverside, John G. Evans, Judge.  Affirmed.

Law Offices of Nejat Kohan, Nejat Kohan; and James S. Link for Plaintiff and Appellant.

Hall & Bailey, John L. Bailey and Barbara M. Moore for Defendant and Respondent.

This is one of many appeals arising from litigation over the renovation of a hotel property in Palm Springs.  This one arises from an attempt by the contractor, Nejat Kohan, to foreclose on a mechanics lien and to recover in quantum meruit from the

construction lender's successor-in-interest, Pacifica L39, LLC (Pacifica). The trial court granted Pacifica's motion for summary judgment on the grounds that (1) Pacifica's prior foreclosure on a construction deed of trust eliminated the mechanics lien, which Kohan had subordinated by way of a guaranty agreement; and (2) there was no privity between Kohan and Pacifica on which to base a claim for quantum meruit. Kohan contends this was error because (1) the guaranty agreement is unenforceable because of an alleged prior breach of other loan documents by the construction lender, and (2) privity existed by virtue of the property owner's assignment of the construction contract to the construction lender, which, in turn, assigned it to Pacifica. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1996 Hormoz Ramy purchased the Spanish Inn property (Property) in Palm Springs. In May 2002, Ramy entered into a contract with Kohan under which Kohan was to furnish general contracting services in connection with rehabilitating the Property.[1] Shortly thereafter, Kohan and Ramy became partners with respect to owning, improving, and later reselling the Property. As a result, Kohan acquired a 50 percent ownership interest in the Property.

In 2004 Kohan and Ramy conveyed their interests in the Property to Spanish Inn, Inc. (Spanish Inn), a corporation in which each was a 50 percent shareholder. Because

---

[1]     The contract was actually between Ramy and Custom Construction Company. Kohan's pleadings explain that he "was and is doing business" under that name, and the parties' briefing treats the contract as being between Spanish Inn and Kohan. Therefore, we will refer to the contracting party as Kohan.

ownership of the Property had changed, Kohan entered into a new construction contract with Spanish Inn on April 14, 2008 (the Construction Contract).

On April 18, 2008, Spanish Inn obtained a $6 million construction loan for the Property from Nara Bank. As security for the loan, Spanish Inn executed a construction deed of trust in favor of Nara Bank. Spanish Inn also assigned its rights in the Construction Contract to Nara Bank via an "assignment of construction contracts."

Also as part of the loan transaction, Kohan executed a "guaranty of completion of performance" dated April 18, 2008 (the Guaranty) in favor of Nara Bank in which Kohan (1) unconditionally and absolutely warranted and guaranteed the project would be completed free and clear of mechanics liens, and (2) agreed to subordinate any mechanics lien claim he had against the Property to Nara Bank's construction deed of trust.

In March 2010 Spanish Inn borrowed an additional $1.3 million from Nara Bank to fund construction at the Property.

In May 2011 Nara Bank recorded a "notice of default and election to sell under deed of trust" against the Property.

On July 15, 2011, Kohan recorded a mechanics lien against the Property in the amount of $800,000 for "labor, services, equipment and/or materials furnished . . . over [nine] years."

On July 15, 2011, Pacifica purchased Spanish Inn's construction loans from Nara Bank. Consequently, Nara Bank assigned to Pacifica the relevant loan documents.

On December 14, 2011, the trustee under the construction deed of trust conducted a nonjudicial foreclosure sale. Pacifica purchased the Property and acquired title under a

3

trustees deed upon sale (the Trustee's Deed). According to the Trustee's Deed, Pacifica acquired the Property for $3.5 million, whereas Spanish Inn still owed more than $6.2 million on the construction loans.

In November 2012 Kohan filed his fourth amended complaint (the complaint) alleging a cause of action against Spanish Inn for breach of the Construction Contract and causes of action against Spanish Inn and Pacifica to foreclose on the mechanics lien and for quantum meruit. Pacifica moved for summary judgment on the foreclosure claim on the basis that the prior foreclosure sale eliminated the mechanics lien, which was subordinate to the construction deed of trust by virtue of the Guaranty. Pacifica moved against Kohan's quantum meruit claim on the basis that there was no contractual privity between Kohan and Pacifica. The trial court granted Pacifica's motion and entered judgment in Pacifica's favor.

Kohan appealed.

## DISCUSSION

Kohan contends the trial court committed reversible error by granting Pacifica's motion for summary judgment. Regarding his claim for foreclosure of mechanics lien, Kohan contends the Guaranty—particularly its subordination clause—is unenforceable by virtue of Nara Bank's alleged prior breach of other loan documents.[2] He further contends the provisions of the Guaranty that make his obligations thereunder independent of Nara Bank's obligations under the other loan documents render the Guaranty

---

[2]    Kohan asserts Nara Bank breached the loan documents by stopping funding when construction was 98 percent complete.

unenforceable under a variety of legal theories.  As for his quantum meruit claim, Kohan

contends privity exists between him and Pacifica because Spanish Inn assigned the

Construction Contract to Nara Bank, which, in turn, assigned it to Pacifica.

## I.  *PACIFICA'S SUMMARY JUDGMENT MOTION*

### A.  *Summary Judgment Standard of Review*

"On appeal after a motion for summary judgment has been granted, we review the

record de novo, considering all the evidence set forth in the moving and opposition

papers except that to which objections have been made and sustained."  (*Guz v. Bechtel*

*National, Inc.* (2000) 24 Cal.4th 317, 334.)  Generally, if all the papers submitted by the

parties show there is no triable issue of material fact and the "moving party is entitled to a

judgment as a matter of law" (Code Civ. Proc., § 437c, subd. (c)), the court must grant

the motion for summary judgment.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th

826, 843 (*Aguilar*).)

In performing our independent review, we apply the same three-step process as the

trial court.  "Because summary judgment is defined by the material allegations in the

pleadings, we first look to the pleadings to identify the elements of the causes of action

for which relief is sought."  (*Baptist v. Robinson* (2006) 143 Cal.App.4th 151, 159

(*Baptist*).)

"We then examine the moving party's motion, including the evidence offered in

support of the motion."  (*Baptist*, *supra*, 143 Cal.App.4th at p. 159.)  A defendant moving

for summary judgment has the initial burden of showing that a cause of action lacks merit

because one or more elements of the cause of action cannot be established or there is a

complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (o); *Aguilar*, *supra*, 25 Cal.4th at p. 850.)

If the defendant fails to make this initial showing, it is unnecessary to examine the plaintiff's opposing evidence and the motion must be denied. However, if the moving papers make a prima facie showing that justifies a judgment in the defendant's favor, the burden shifts to the plaintiff to make a prima facie showing of the existence of a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at p. 849; *Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1002-1003.)

In determining whether the parties have met their respective burdens, "the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation], and must view such evidence [citations] and such inferences [citations], in the light most favorable to the opposing party." (*Aguilar*, *supra*, 25 Cal.4th at p. 843.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id*. at p. 850, fn. omitted.) Thus, a party "cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact." (*LaChapelle v. Toyota Motor Credit Corp.* (2002) 102 Cal.App.4th 977, 981.)

B. *Foreclosure of Mechanics Lien*

Pacifica contends the trial court properly granted summary judgment on Kohan's claim to foreclose the mechanics lien because the undisputed evidence showed that

6

Kohan, by way of the Guaranty, subordinated the mechanics lien to the construction deed of trust, and that the resulting Trustee's Deed eliminated or "wiped out" the junior mechanics lien.  We agree.

1.  The foreclosure sale "wiped out" junior liens

A purchaser at a nonjudicial foreclosure sale "receives absolute fee title that is 'unqualified and unlimited,' and free and clear of all junior interests or encumbrances. The foreclosure sale eliminates or 'wipes out' all interests that were junior in priority to the deed of trust or mortgage."  (5 Miller & Starr, Cal. Real Estate (3d ed.) § 11:100, fns. omitted; *R-Ranch Markets #2, Inc. v. Old Stone Bank* (1993) 16 Cal.App.4th 1323, 1328 ["When property is sold under a trust deed, the purchasers acquire title free and clear of all encumbrances subsequent to the deed of trust."]; *Vallely Investments v. BancAmerica Commercial Corp.* (2001) 88 Cal.App.4th 816, 824 ["[a] valid foreclosure terminates all interests in the real estate junior to the mortgage being foreclosed"].)  This applies even when the junior lien is a mechanics lien.  (See *Rheem Mfg. Co. v. United States* (1962) 57 Cal.2d 621, 625 ["It is established in California . . . that a recorded deed of trust given as security for the purchase price of property or for other purposes, such as a construction loan, has priority over subsequent mechanics' liens and that a trustee's sale of the property covered by the deed of trust extinguishes such liens."]; *Moorefield Construction, Inc. v. Intervest-Mortgage Investment Co.* (2014) 230 Cal.App.4th 146, 163 ["Because we conclude the subordination clause is valid, Moorefield's mechanic's lien was subordinated to the Intervest deed of trust that provided security for Intervest's construction loan to

7

DBN. When Intervest foreclosed on its deed of trust, Moorefield's mechanic's lien—as a subordinate interest—was extinguished."].)

Kohan argues the foreclosure sale nevertheless did not wipe out his mechanics lien because Code of Civil Procedure section 701.680, subdivision (c) allows a judgment debtor to rescind a foreclosure sale "for any . . . reason" if the purchaser at the sale is the judgment creditor, as Pacifica was.[3] Kohan concedes he is not the judgment debtor (as required by the statute), but seeks its protection under the general maxim that "[f]or every wrong there is a remedy." (Civ. Code, § 3523.) He asserts he "has been wronged" because "[h]e provided services valued at $803,500 [that] has [*sic*] materially benefitted Pacifica," but "[a]dmittedly, Plaintiff has no direct cause of action against Nara Bank and, consequently, Pacifica." This argument, however, ignores Kohan's most obvious remedy: a claim against Spanish Inn for breach of the Construction Contract. Indeed, that was the first cause of action in Kohan's operative pleading. Thus, Kohan has not persuaded us that either Code of Civil Procedure section 701.680 or Civil Code section 3523 apply here. Consequently, so long as Kohan's mechanics lien was junior to the construction deed of trust at the time of the foreclosure sale, the Trustee's Deed wiped out the mechanics lien, leaving Kohan with nothing on which to foreclose.

---

3    Kohan's argument in this regard is somewhat incoherent. His opening brief invokes a statute that authorizes setting aside a foreclosure sale, yet his reply brief asserts "Pacifica is categorically wrong when it states that Plaintiff claims an entitlement to rescission of the foreclosure sale." Similarly, Kohan's reply brief asserts he "claims a right to enforce the mechanics lien but, at least in this case, that remedy is not sought"; yet, his complaint specifically prays "[t]hat the mechanics' lien claimed in the claim of lien . . . be foreclosed."

8

2. *The guaranty subordinating the mechanics lien is enforceable*

Kohan agreed in the Guaranty to subordinate his mechanics lien to the construction loan as follows: "[Kohan] agrees that the Loan, whether now existing or hereafter created, shall be superior to any claim that [Kohan] may now have or hereafter acquire against [Spanish Inn] . . . . [Kohan] hereby expressly subordinates any claim [Kohan] may have against [Spanish Inn], upon any account whatsoever, to any claim that [Nara Bank] may now or hereafter have against [Spanish Inn]."[4] Thus, so long as the Guaranty is enforceable, it rendered the mechanics lien junior to the construction deed of trust such that the Trustee's Deed eliminated the mechanics lien.

Kohan argues the Guaranty is unenforceable for several reasons, none of which are persuasive. Kohan's primary argument is that Nara Bank's alleged prior breach of the construction loan agreement with Spanish Inn rendered the Guaranty unenforceable. Under Kohan's theory, Nara Bank only declared a default under the loan documents after Spanish Inn ceased construction on the Property, but that cessation was caused by Nara Bank's breach of the loan documents by failing to timely disburse loan proceeds. This argument is unpersuasive for several reasons.

---

4    Apparently, this type of subordination agreement is common in construction lending. (See, e.g., *Halbert's Lumber, Inc. v. Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1247-1248 ["Lenders who have made loans after the commencement of work on a jobsite have found their loans subordinate to mechanics' liens arising out of work performed or material delivered after trust deeds securing those loans were recorded because some work was performed or materials delivered before recordation. [Citations.] Accordingly, lenders typically require releases of existing lien rights before they will make progress payments on construction loans."]

9

First, Kohan is not a party to the agreement he alleges Nara Bank breached—Spanish Inn is.  Kohan's assertion that "no such argument was presented at the time of the [summary judgment] motion" is unavailing.  Not only is it factually wrong—Pacifica's summary judgment reply brief expressly argued Kohan "has no standing" to assert Nara Bank's alleged breach of contract because Kohan "is not a party to the construction loan"—but Kohan acknowledges "this is a legal issue that can be considered on appeal."

Second, even if Kohan were a party to the allegedly breached agreement, " 'a breach of one contract does not permit the party aggrieved to refuse to perform another, unless one contract is expressly conditional on performance of the other or the terms of one adopted into the other.' "  (*Filet Menu, Inc. v. C.C.L. & G., Inc.* (2000) 79 Cal.App.4th 852, 861, quoting 6 Williston on Contracts (3d ed. 1962) § 864, pp. 289–290, fns. omitted by *Filet Menu*; *Verdier v. Verdier* (1955) 133 Cal.App.2d 325, 334 ["If the covenants are independent, breach of one does not excuse performance of the other."].)  The Guaranty expressly provides that it is *not dependent* on any other contract, but rather, constitutes an "original and *independent* obligation" that is "direct and primary, *regardless of the validity or enforceability of the Loan Documents*."  (Italics added.)  Thus, the plain language of the Guaranty confirms that a breach by Nara Bank of another loan document does not excuse Kohan's obligations under the Guaranty.  (*Brown v. Grimes* (2011) 192 Cal.App.4th 265, 279 ["The determination of whether a promise is an independent covenant, so that breach of that promise by one party does not excuse performance by the other party, is based on the intention of the parties *as deduced from*

10

*the agreement.* (15 Williston [on Contracts (4th ed. 2000)] § 44:7, pp. 94–96.)"], italics added.)[5]

Third, even if Nara Bank's alleged prior breach of the loan documents would otherwise have rendered the Guaranty unenforceable, Pacifica argued in its reply brief to the trial court that Kohan was collaterally estopped from asserting Nara Bank's alleged breach by virtue of the trial court's earlier order in a consolidated case sustaining without leave to amend Pacifica's demurrer to Kohan's cause of action against Pacifica (as successor to Nara Bank) for breach of the loan documents by failing to timely disburse funds. Kohan argues on appeal that collateral estoppel is inapplicable because the required element of a final decision in the prior proceeding is absent because the demurrer ruling is on appeal. (See *Abelson v. National Union Fire Ins. Co.* (1994) 28 Cal.App.4th 776, 787 ["a judgment is not final for purposes of collateral estoppel while open to direct attack, e.g., by appeal"].) However, since the conclusion of the briefing in this appeal, we affirmed the trial court's order sustaining the demurrer (see *Spanish Inn, Inc. v. Nara Bank* (March 6, 2015, D066487) [nonpub. opn.]) and the California Supreme Court denied Spanish Inn's petition for review (June 10, 2015, S225750).

Apart from Nara Bank's alleged breach, Kohan argues that certain of the Guaranty's provisions render it unenforceable. We are not persuaded. First, Kohan

---

5        Because we conclude Nara Bank's alleged breach of the construction loan documents has no bearing on the enforceability of the Guaranty, we need not address the parties' contentions regarding the sufficiency of the trial court's ruling on Pacifica's evidentiary objections regarding the admissibility of Kohan's evidence of Nara Bank's alleged breach.

argues that enforcing the Guaranty's provision designating his obligations independent of other loan documents would violate Civil Code section 1668, which provides that "[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." (Civ. Code, § 1668.) However, "[w]ith respect to claims for breach of contract"—on which Kohan's defense is premised—"limitation of liability clauses *are enforceable* unless they are unconscionable, that is, the improper result of unequal bargaining power or contrary to public policy." (*Food Safety Net Services v. Eco Safe Systems USA, Inc.* (2012) 209 Cal.App.4th 1118, 1126, italics added.) Kohan does not argue the Guaranty is generally unconscionable, and the only case he cites interpreting Civil Code section 1668 is inapplicable because it addresses exculpation from liability for negligence, not breach of contract. (See *Burnett v. Chimney Sweep* (2004) 123 Cal.App.4th 1057, 1066.)

Kohan also argues that enforcing the "the provision making the guaranty enforceable even if Nara Bank breaches its own obligations violates the covenant of good faith and fair dealing." Aside from violating the contract principles discussed above,[6] this argument violates the additional contract principle that a covenant of good faith and fair dealing will not be implied to vary the terms of an express, unambiguous contract provision. (*Third Story Music, Inc. v. Waits* (1995) 41 Cal.App.4th 798, 808.)

---

[6] That is, that Kohan is not a party to the agreement Nara Bank allegedly breached, and that, in any event, a breach of one contract does not excuse the aggrieved party from performing under another, independent contract.

A "relatively rare" exception to this rule applies when enforcing the express contractual provision "literally would, contrary to the parties' clear intention, result in an unenforceable, illusory agreement." (*Third Story Music, Inc. v. Waits*, *supra¸* 41 Cal.App.4th at p. 808.) Kohan contends enforcing the Guaranty's express obligation to keep the Property free from liens "[a]rguably" violates the contract requirement of mutuality because it would allow Nara Bank to breach the loan documents but "still . . . deprive Plaintiff of the compensation it knew was dependent on completion of the project." We do not agree this is one of those "relatively rare" cases where the Guaranty would otherwise lack mutuality if its waiver provisions were enforced. Although the Guaranty may preclude the guarantors from seeking redress from Nara Bank by enforcing a lien on the Property, the Guaranty does not exculpate Nara Bank from contractual liability under the other loan documents (assuming Kohan would even have standing to assert rights under those documents).

In sum, the Guaranty is enforceable and effectively subordinated Kohan's mechanics lien to the construction deed of trust. Consequently, the foreclosure sale on the senior construction deed of trust eliminated Kohan's mechanics lien, leaving nothing for Kohan to foreclose. Therefore, summary judgment on this claim was properly granted.

C. *Quantum Meruit*

Kohan's quantum meruit claim seeks to recover $803,500 from Spanish Inn and Pacifica "for the reasonable value of services performed at the special instance and request of defendants." The trial court granted summary judgment on the basis that

13

"[t]here is no connection between Pacifica's purchase of the *physical property* at a trustee's sale and any quasi contractual obligations incurred by the previous owner." Kohan contends this was error, asserting a triable issue of fact existed regarding privity between him and Pacifica. We disagree.

"Quantum meruit refers to the well-established principle that 'the law implies a promise to pay for services performed under circumstances disclosing that they were not gratuitously rendered.' [Citation.] To recover in quantum meruit, a party need not prove the existence of a contract [citations], but it must show the circumstances were such that 'the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made.' " (*Huskinson & Brown v. Wolf* (2004) 32 Cal.4th 453, 458.) "[A] plaintiff must establish *both* that he or she was acting pursuant to either an *express or implied request* for such services from the defendant *and* that the services rendered were *intended to and did benefit the defendant*." (*Day v. Alta Bates Medical Center* (2002) 98 Cal.App.4th 243, 248 (*Day*).) Recovery under a quasi-contractual theory may also be available where " 'benefits were conferred by mistake, fraud, coercion or request; otherwise, though there is enrichment, it is not unjust.' " (*Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn*. (1988) 205 Cal.App.3d 1415, 1422, italics omitted (*Nibbi*).)

Pacifica contends the trial court properly granted summary judgment because there was no privity between Kohan and Pacifica with respect to construction services. Put differently, there was neither "an express [n]or implied request for such services from"

14

Pacifica (*Day*, *supra*, 98 Cal.App.4th at p. 248); rather, the request for services came from Spanish Inn.

Kohan counters that the contract that created privity between him and Spanish Inn "was assigned to Nara Bank as a part of the loan process," and, in turn, assigned by Nara Bank to Pacifica. Kohan cites *Realty & Rebuilding Co. v. Rea* (1920) 184 Cal. 565, 569 for the proposition that "there is privity between a contracting party and an assignee when the assignee specifically agrees to be bound by the terms of the contract." Kohan then asserts "Pacifica's predecessor-in-interest [Nara Bank] sought and obtained beneficial rights in Plaintiff's contract." The flaw in Kohan's reasoning is that, although Nara Bank "obtained *beneficial rights* in Plaintiff's contract" with Spanish Inn (italics added), it did not obtain Spanish Inn's *obligations*. At least two provisions of the assignment to Nara Bank make this clear.

The "lender's rights" provision provides that if Spanish Inn defaults on the loan, the lender may, *but is not obligated to*, perform Spanish Inn's obligations under the Construction Contract with Kohan:

> "Unless and until a default shall occur under the Loan or under any of the Loan documents, [Nara Bank] shall not exercise any of [Spanish Inn]'s rights under the Construction Contract; provided, however, that from and after the time of any such default, [Nara Bank] immediately *shall become entitled, but shall not be obligated*, to exercise any rights of [Spanish Inn] under the Construction Contract and *at [Nara Bank]'s option, to perform [Spanish Inn]'s obligations under the Construction Contract*, *if any*. [Nara Bank] shall not be liable for any defaults by [Spanish Inn] in the performance of [Spanish Inn]'s duties under the Construction Contract, and [Spanish Inn] hereby agrees to indemnify, save harmless, and defend [Nara Bank] against any and all claims,

15

damages, liabilities, attorneys' fees and losses arising out of any such default."  (Italics added.)

Similarly, the "acknowledgment of assignment" provision that Kohan signed acknowledges the assignee—Nara Bank, or its successor—is not obligated to assume Spanish Inn's payment obligations:

> "[Kohan] agrees that (a) [Nara Bank] may enforce the obligations of the Construction Contract pursuant to the above assignment with the same force and effect as if enforced by [Spanish Inn], and (b) [*Nara Bank*] *may, but shall not be required to, perform the obligations of* [*Spanish Inn*] . . . .  [Kohan] acknowledges that [he] is familiar with the disbursement provisions of the loan documents between [Spanish Inn] and [Nara Bank] and agrees that such disbursement provisions are satisfactory to [Kohan]."  (Italics added.)

These provisions effectively establish that the assignment on which Kohan's privity theory rests did not assign Spanish Inn's payment obligations to Nara Bank or, by extension, Pacifica.  Thus, Pacifica met its burden of showing it was entitled to summary judgment based on a lack of privity.

Absent privity, Kohan can only recover if " 'benefits were conferred by mistake, fraud, coercion or request . . . .' "  (*Nibbi, supra*, 205 Cal.App.3d at p. 1422, italics omitted [denying an unjust enrichment claim by a contractor against a construction lender even where the lender assured the contractor it would be paid].)  Kohan does not argue that any of these conditions are present.  Accordingly, the trial court did not err by granting summary adjudication of Kohan's quantum meruit claim.

16

DISPOSITION

The judgment is affirmed.  Pacifica is entitled to its costs on appeal.

_____

NARES, J.

WE CONCUR:

_____

BENKE, Acting P. J.

_____

McINTYRE, J.

17